UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA ELIZABETH STANDIFIRD,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.: 20CV1630-BLM<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**[ECF NOs. 3 & 4]** |

The instant matter was initiated on August 21, 2020 when Plaintiff filed a complaint "to seek judicial review of the Commissioner's decision and [to] request[] that this court reverse that decision, or in the alternative, to remand this matter for a new hearing." ECF No. 1 at 2. That same day, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs. ECF No. at 3.[1]  Having reviewed the complaint and motion, the Court finds that Plaintiff's complaint does not sufficiently state a claim for relief.  Accordingly, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED WITHOUT**

---

[1] Plaintiff filed a duplicate Application to Proceed in District Court without Prepaying Fees or Costs at ECF No. 4.

1

**PREJUDICE**, and the complaint is **DISMISSED WITH LEAVE TO AMEND**.

**Application to Proceed in District Court without Prepaying Fees or Costs**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").  It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." Id. at 339.  At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).  District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the $60 filing

fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has satisfied her burden of demonstrating that she is entitled to IFP status. According to her affidavit in support of application, Plaintiff is not employed and has no income. ECF No. 3 at 1-2. Plaintiff does not have a checking or savings account and does not own a home or car. Id. at 2-3. Plaintiff does not spend any money on food, clothing, transportation, recreation, or insurance. Id. at 4. Plaintiff does not expect any major changes to her monthly income, expenses, assets, or liabilities over the next twelve months. Id. at 5. Based on the foregoing, the Court finds that Plaintiff has established that she is unable to pay the $400 filing fee without impairing her ability to pay for life's necessities but **DENIES WITHOUT PREJUDICE** the motion for failure to state a claim for relief.

## SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915(a)

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory *sua sponte* screening by the Court. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Alamar v. Social Security, 2019 WL1258846, at *3 (S.D. Cal. Mar. 19, 2019). A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at 1126–27.

To survive, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Furthermore, "recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Instead, the plaintiff must state a claim that is plausible on its face, meaning "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556, 570)). "When there

are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.  Social security appeals are not exempt from the general screening requirements for IFP cases proceeding under § 1915(e). Montoya v. Colvin, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing Hoagland v. Astrue, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012)).

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Skylar v. Saul, 2019 WL 4039650, *1 (S.D. Cal. Aug. 27, 2019) (quoting Montoya, 2016 WL 890922 at *2).  With regard to element four, a complaint is insufficient if it merely states that the Commissioner was wrong in denying a plaintiff benefits. See id.; see also Hoagland, 2012 WL 2521753 at *3 ("Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong.  The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong.").  Instead, the "complaint . . . must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong."

After reviewing the complaint, the Court finds that Plaintiff failed to state facts sufficient to state a claim for relief.  The complaint does not "state the nature of the plaintiff's disability and when the plaintiff claims she became disabled." Skylar, 2019 WL 4039650 at *1.  Plaintiff alleges "[t]here is no substantial medical or vocational evidence" to support the ALJ's conclusions; "[t]here is no substantial evidence . . . to support the Commissioner's finding that plaintiff could perform any substantial gainful activity;" and that the evidence can only support

a finding of disability.  ECF No. 1 at 2-3.  The complaint lacks "a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration."  Skylar, 2019 WL 4039650 at *1.  Plaintiff states that the ALJ's decision was not supported by medical or vocational evidence and that there is new and material evidence that warrants remand of this matter, but provides no specific claims or facts to allow Defendant to form the basis of a defense.  ECF No. 1 at 3.  Accordingly, Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.[2]

   **IT IS SO ORDERED**.

Dated:  9/1/2020

Hon. Barbara L. Major
United States Magistrate Judge

---

[2] The Court notes that Plaintiff's counsel's firm has received several dismissals in other cases for the same issue and has been "strongly urged" numerous times "to reconsider using form complaints, which fail to comply with Rule 8 and the IFP statute and waste the Court's resources."  Irizarry v. Berryhill, S.D. Cal. No. 19CV476-AJB(NLS); see also Williams v. Berryhill, S.D. Cal. No. 18CV2678-AJB(BLM); Maye v. Berryhill, S.D. Cal. No. 19CV110-AJB(WVG); and Copenhaver v. Berryhill, S.D. Cal. No. 18CV790-AJB(MDD).